FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 MAR 17  AM 10: 45
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JEROME R. GRAYDON,

    Petitioner,

vs.                            CIVIL ACTION NO.: CV205-200

JOSE M. VAZQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jerome R. Graydon ("Graydon"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Graydon's Petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Graydon was convicted in the Southern District of Florida for Possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841. The trial court sentenced him to 240 months' imprisonment. According to Graydon, a consecutive five year term was imposed for a violation of 18 U.S.C. § 924© from a separate indictment and trial. (Doc. No. 1, p. 2.) Graydon filed an initial 28 U.S.C. § 2255 petition, which the trial court denied. Graydon filed a Rule 60(b) motion seeking to modify his sentence, which the trial court also denied.

AO 72A
(Rev. 8/82)

In the instant petition, Graydon contests his sentence and conviction. Graydon claims that his sentence violates the decisions in Jones v. United States, 526 U.S. 227 (1999), Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), Ring v. Arizona, 536 U.S. 584 (2002), and ostensibly, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Graydon argues that the Grand Jury failed to consider the drug quantity prior to returning an indictment on the charges against him. As a result, Graydon contends that his Fifth, Sixth, and Thirteenth Amendment rights were violated because a prisoner must receive "real notice of the true nature of the charges against him." (Doc. No. 1 at p. 4.) Graydon states that he denies consent for his case to proceed before a Magistrate Judge.

Respondent avers that Graydon's petition should be dismissed because he does not satisfy the savings clause of 28 U.S.C. § 2255. Respondent contends that Graydon had prior opportunities at sentencing, on appeal, and in a previous Section 2255 motion to assert his Apprendi and Booker arguments. Respondent also contends that Graydon's arguments fail because Booker and Blakely are not retroactively applicable to cases on collateral review.

## DISCUSSION AND CITATION OF AUTHORITY

As an initial matter, Johnson's consent is not required for a Magistrate Judge to address "applications for post[-]trial relief made by individuals convicted of criminal offenses" in order to issue a Report and Recommendation to a District Court Judge for ruling. See 28 U.S.C. § 636(b)(1)(B) (2005). The undersigned has the authority to present

2

AO 72A
(Rev. 8/82)

proposed findings of fact and recommendations for the disposition of Johnson's petition. See id.

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a Section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Graydon has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255 applies to a claim when:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Graydon alleges that his sentence is illegal based on Apprendi, and ostensibly Booker. However, the Supreme Court has not made its decisions in Booker and Apprendi retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Apprendi was decided on June 26, 2000 and Booker was decided on January 12, 2005. Graydon states that the trial court entered judgment in his criminal case in September 1996. To allow Graydon to have his requested relief would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). A new rule is not applied retroactively to cases on collateral review unless and

4

until the Supreme Court expressly states that it should be applied retroactively. See In re Dean, 375 F. 3d 1287, 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)).

Graydon has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. He cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Graydon is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." See Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Graydon's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 17th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)